JUSTICE RICE
dissenting.
¶30 I dissent. The Court has erred in its statutory interpretation by overlooking the determinative statutes which control the exercise of personal jurisdiction over the guardian.
¶31 The Court holds that “the plain language of the statute does not state [the Department’s] consent is required” and that to require consent would violate the rules of statutory construction. See ¶ 20. However, the Code specifically requires consent, by acceptance of appointment, in order for jurisdiction to be exercised over the *452 guardian:
Consent to jurisdiction by acceptance of appointment. (1) By accepting appointment, a guardian submits personally to the jurisdiction of the court in any proceeding relating to the guardianship that may be instituted by any interested person.
Section 72-5-301(1), MCA. Thus, personal jurisdiction over a guardian is obtained by the guardian’s consent to the appointment. That acceptance of appointment is a prerequisite to the exercise of jurisdiction over the guardian is illustrated throughout the guardianship statutes. See §§ 72-5-232 and 72-5-323, MCA. Consistent therewith, all of the guardianship appointment statutes, including § 72-5-312(5), MCA, on which the Court relies, provide that appointment of a guardian is permissive (“the court may appoint ...”), and further require that the person appointed must be both qualified and willing:
Procedure for court appointment of guardian of minor-notice- hearing-representation by attorney.....
(2) Upon hearing, if the court finds that a qualified person seeks appointment... it shall make the appointment.
Section 72-5-225(2), MCA (emphasis added). Pursuant hereto, a guardian cannot be appointed unless that party “seeks appointment.” A court is not otherwise authorized to malte the appointment.
¶32 The Court today simply overrides these statutory provisions and imposes a guardianship upon the Department over its objection. In essence, the Court adds the following provision to the law: “The Department may be appointed guardian without regard to the statutes governing guardian appointments.”
¶33 I would reverse the District Court.
CHIEF JUSTICE GRAY and JUSTICE NELSON concur in the dissent of JUSTICE RICE.